IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

DWAYNE E. RASMUSSEN           §
                             §
v.                           §           C.A. NO. C-07-355
                             §
DAN JOSLIN                    §

**ORDER DENYING APPOINTMENT OF COUNSEL**

Petitioner is a federal inmate currently incarcerated at the FCI Three Rivers in Three Rivers, Texas.  Proceeding pro se, he filed a habeas petition pursuant to 28 U.S.C. § 2241.  (D.E. 1).  Pending is his motion for the appointment of counsel.  (D.E. 16).

There is no constitutional right to counsel in federal habeas proceedings.  Wright v. West, 505 U.S. 277, 293 (1992) (Constitution "guarantees no right to counsel on habeas"); see also Elizalde v. Dretke, 362 F.3d 323, 329 (5th Cir. 2004) (same); Johnson v. Hargett, 978 F.2d 855, 859 (5th Cir. 1992) (same).  Rule 8(c) of the Rules Governing § 2254 Cases requires that counsel be appointed if the habeas petition raises issues which mandate an evidentiary hearing.  Here, his request for counsel is premature because at this stage in his case there are no factual issues requiring an evidentiary hearing.

Counsel will be assigned sua sponte if there are issues which mandate an evidentiary hearing be held.  Moreover, the Court may appoint counsel if discovery is ordered and there are issues necessitating the assignment of counsel.  See Rule 6(a) of the Rules Governing § 2254 Cases; Thomas v. Scott, 47 F.3d 713, 715 n.1 (5th Cir. 1995).

Although petitioner has argued that his petition is complex and thus warranting the appointment of counsel, a review of his petition does not establish it as a habeas petition of a

greater complexity than most filed by federal prisoners.  It is therefore ORDERED that

petitioner's motion for the appointment of counsel, (D.E. 16), be DENIED without prejudice.

ORDERED this 12th day of December 2007.


BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE