IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DWAYNE E. RASMUSSEN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-07-355 |
| | § | |
| DAN JOSLIN, | § | |
|     Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner Dwayne E. Rasmussen is a federal inmate currently incarcerated at the Federal Correctional Institution ("FCI") in Three Rivers, Texas.  On September 4, 2007, he filed this habeas corpus action pursuant to 28 U.S.C. § 2241.  (D.E. 1).  On November 5, 2007, respondent filed his answer and moved to dismiss the petition for failure to state a claim.[1]  (D.E. 11, 12).

On November 9, 2007, the litigants were ordered to treat the motion to dismiss as a motion for summary judgment.  (D.E. 13).  On December 3, 2007, respondent filed a supplement to his motion for summary judgment.  (D.E. 14).  On December 5, 2007, petitioner filed a response in opposition.  (D.E. 15).  For the reasons stated herein, it is respectfully recommended that respondent's motion for

---

[1] The Fifth Circuit has determined that "[a] motion to dismiss for failure to state a claim is an inappropriate practice in habeas."  Miramontes v. Driver, 243 Fed. Appx. 855, 856 (5th Cir. 2007) (per curiam) (unpublished) (citing Browder v. Director, Dep't of Corr. of Ill., 434 U.S. 257, 269 n.14 (1978)).

summary judgment be granted.

# I. JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated. Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this court. 28 U.S.C. § 124(b)(6).

# II. BACKGROUND

A. **Petitioner's Federal And State Convictions And Sentences.**

On December 16, 1990, petitioner was arrested by the State of Oklahoma, on state bank robbery charges. (D.E. 11, at 3). On October 15, 1991, petitioner was charged with robbery of the United Missouri Bank, in violation of 18 U.SC. § 2113. (D.E. 1, Ex. D). On November 1, 1991, the United States District Court for the Western District of Oklahoma issued a writ of habeas corpus ad prosequendum to secure petitioner's presence for a hearing on November 13, 1991. Id., Ex. A. The writ directed that petitioner be returned to state custody "when said hearing or hearings necessary for the disposition of this cause have been held." Id. at 1. On November 13, 1991, defendant pleaded guilty to bank robbery, violence, and being a felon in possession of a firearm in federal causes No. Cr. 91-196 and No. Cr. 91-203. Id., Ex. D. He was returned to the Oklahoma County Jail on December 3, 1991. Id., Ex. G; (D.E. 15, Attach. 4).

2

On December 30, 1991, petitioner was again taken from Oklahoma County Jail to the United States District Court for the Western District of Oklahoma, which sentenced him to a 120-month term of imprisonment and ordered him to pay $7,675.00 in restitution and a special assessment of $150.00.  (D.E. 1, Ex. C).  On the same date, he was returned to the Oklahoma County Jail.  Id., Ex. A, at 2.

On July 15, 1992, the District Court of the Seventh Judicial District of the State of Oklahoma sentenced petitioner to a thirty-year term of imprisonment in cause number CF-91-431.  (D.E. 1, Ex. E).  The state judge ordered that the sentence not run concurrently with the federal sentence.  Id.  On May 19, 2006, petitioner was paroled and delivered to the Federal Bureau of Prisons ("BOP") pursuant to a detainer.  (D.E. 14, at 2).  The BOP commenced his sentence on that date.  (D.E. 1, Ex. I).

**B.    Petitioner's Claim.**

Petitioner contends that (1) the State of Oklahoma relinquished custody to the United States when he was taken into federal custody twice on the same writ, (D.E. 15, at 10), and (2) the United States Marshals Service unlawfully ignored the sentencing judge's order that petitioner be immediately incarcerated in FCI El Reno.  (D.E. 1, at 6).  He concludes that his federal sentence therefore began to run on December 30, 1991, the date he was sentenced in federal court.  (D.E. 1, at 6).

In his informal complaint to the BOP, petitioner claimed that

3

On or about November 13, 1991,... I was transported to
the Federal District Court by Deputy U.S. Marshal,
McDaniel....  I was returned to the County Jail on the
same day of the Court hearing.

On December 20, 1991, I was again returned to the
Federal District Court, this purpose was for the term of
imprisonment to be imposed.  The court imposed a term
of 120 months ... the United States Deputy Marshal was
specifically [ORDERED][2] by the Judge at sentencing on
December 20, 1991, to [immediately transport] the
defendant and deliver him to the custody of the Warden
at the Federal Correctional Institution, at El Reno,
Oklahoma.

(D.E. 1, Ex. J, at 3).  Petitioner argues that his federal sentence commenced

immediately:

... [T]he Federal Court Judge imposed the 120 month
term of imprisonment and based upon the Federal
Sentencing Court's determination that it did have the
[jurisdiction] to [ORDER] that I be transported to the
Federal Correctional Institution at El Reno, Oklahoma,
the court [specifically ORDERED] that I be [committed
to the United States Bureau of Prisons].

I do know as being [factual], that the United States
District Court Judge did, [SPECIFICALLY AND
INTENTIONALLY], instruct the Deputy United States
Marshal to [IMMEDIATELY] PLACE ME IN THE
CUSTODY OF THE Warden at the Federal Correctional
Institution, El Reno, Oklahoma, that the service of the
Federal Sentence was to be served from the date of arrest

---

[2] Petitioner has used brackets, capitalization, underlining, and quotation marks to
emphasize certain words.  This excerpt does not change the original presentation.

4

> on January 18, 1991, and to continue on from the date
> that sentence was imposed on December 20, 1991....

Id. at 4.  According to petitioner, the United States Marshals Service unlawfully

disobeyed the court's order:

> In this case, the United States Deputy Marshal violated
> the December 20, 1991 ORDER of the Court by [not]
> delivering me to the custody of the Warden at the Federal
> Correctional Institution in El Reno, Oklahoma.  It is
> totally irrelevant what "action" the State Court did after
> the fact that the Federal Sentencing Court issued
> commitment to serve the term of imprisonment imposed
> by the Federal Court.  I cannot be held responsible for the
> United States Marshal disobeying the mandate of the
> Federal Sentencing Court, and unlawfully surrendering
> me into another custody than that where I rightfully
> belonged.  The fact is, my Federal Sentence at the very
> minimum, started on December 20, 1991, even in the
> absence of being awarded any Good Conduct Time
> Credits, the Federal sentence was completed ... "day for
> day" ... on December 19, 2001.

Id. at 5.  Petitioner concluded that "[m]y Federal Sentence fully expired prior to the

[illegal-retaking] of my custody upon release from the State authorities."  Id.

The BOP did not take any action in response to petitioner's informal

complaint.  Id. at 7.  On September 14, 2006, he filed a formal complaint.  Id. at 8.

On September 26, 2006, the warden of FCI Three Rivers reported that petitioner's

request was precluded by 18 U.S.C. § 3585(b), but that the BOP would evaluate his

request that his federal sentence run concurrently with the state sentence.  Id. at 9.

5

On October 12, 2006, petitioner filed a regional administrative remedy appeal.  Id.
at 10.  On December 6, 2006, the Regional Director reported that petitioner's
grievance had been interpreted as a request for a retroactive nunc pro tunc
designation to allow concurrent service of his federal and state terms.  Id. at 11.
Petitioner was advised that the BOP would inform him when it had reached a
decision.  Id.

On December 22, 2006, petitioner appealed to the BOP's central office.  Id.
at 13.  He advised the BOP that he did not request a retroactive nunc pro
tunc designation; rather, he asked the BOP to acknowledge that he had already
served his sentence in full.  Id.  On May 23, 2006, the Administrator for National
Inmate Appeals responded, denying him a nunc pro tunc designation:

> As a result of the decision in Barden v. Keohane, 921
> F.2d 476 (3d. Cir. 1990), the [BOP] considers an
> inmate's request for credit in such a case as a request for
> a retroactive (concurrent) designation.  A retroactive
> designation is made only after the review of all relevant
> factors under Title 18 U.S.C. § 3621(b).  Your case has
> been reviewed and it has been determined the relevant
> factors under 18 U.S.C. § 3621(b) are (2), (3), (4), and
> (5).
>
> Under factor (2) your instant federal offense is [Bank
> Robbery, violence, and unlawful possession of a firearm].
> Under factor (3) your record indicates you have adult
> criminal convictions for Automobile Theft, False
> Imprisonment, robbery with a Firearm (x2), Escape from
> a Penal Institution, and Robbery.
> Under factor (4), the federal Judgment in a Criminal Case

was silent on whether your sentence should run
consecutively or concurrently to any other sentence.
Pursuant to 18 U.S.C. § 3584, "multiple terms of
imprisonment imposed at different times run
consecutively unless the court orders that the terms are to
run concurrently."  Nevertheless, the federal sentencing
court was contacted for a statement concerning its
position on a retroactive designation.  In response, the
federal sentencing court recommended your federal
sentence be consecutive to your state term.

Finally, under factor (5), the federal sentencing court is
authorized under the United States Sentencing Guidelines
§ 5G1.3, to alter the manner in which a federal sentence
is served in order to achieve a reasonable punishment for
the offense.  As previously indicated, the federal
sentencing court did not elect to exercise its discretion to
run the federal sentence concurrent to your impending
state sentence.

Based on the foregoing, we have determined that a *nunc
pro tunc* designation is not appropriate in this case.

Id. at 14 (emphases added).

On November 20, 2006, petitioner filed a motion for clarification of

judgment with the federal sentencing court.  Id., Ex. K.  He claimed that there was

a clerical error in the court's original order, and requested that the court confirm

that it had ordered his sentence to begin on the date it was imposed.  Id. at 2.  On

March 19, 2007, the court denied his motion, explaining that

Defendant contends apparently that the Bureau of
Prisons' calculation of his sentence is the result of a
clerical error in the Court's judgment.  The Court

7

disagrees and finds no basis for clarifying the judgment
in this case.  If defendant wishes to challenge the
Bureau's calculation of his federal sentence in
conjunction with his state sentence he should seek habeas
corpus relief under 28 U.S.C. § 2241 in the jurisdiction in
which he is imprisoned.

Id. at 5.  On September 4, 2007, he filed this petition.

## III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

A federal petitioner seeking relief pursuant to 28 U.S.C. § 2241 must first exhaust his administrative remedies through the Bureau of Prisons.[3]  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam); United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990) (citations omitted).  The record indicates, and respondent concedes, that petitioner has exhausted his administrative remedies.  (D.E. 11, at 3).

## IV.  SECOND OR SUCCESSIVE PETITION

Petitioner has brought his claim in several prior applications for habeas corpus relief; thus, the instant petition may be subject to dismissal as an abuse of

---

[3] The BOP provides a three-tiered administrative process by which inmates can present a complaint.  28 C.F.R. § 542.10 et. seq.  First, the inmate must present the complaint informally on Form BP-8 to a staff member at the facility where he is housed.  28 C.F.R. § 542.13(a).  If this informal procedure does not resolve the issue, the inmate then commences the three-tiered administrative remedy procedure by filing a formal written complaint on a Form BP-9 with the warden at the local level.  28 C.F.R. § 542.14.  If unsatisfied with the warden's response, the inmate may submit an appeal on Form BP-10 within twenty days of the response to the regional director.  28 C.F.R. § 542.15.  Finally, if unsatisfied at the regional level, the inmate has thirty days from the date of the regional director's response to submit an appeal on Form BP-11 to the General Counsel.  28 C.F.R. § 542.15.  The appeal to the General Counsel is the final administrative appeal provided by the BOP.

the writ.  Williams v. Whitley, 994 F.2d 226, 230 (5th Cir. 1994) ("A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits...."). Although respondent does not address this issue, a "long line of precedent" establishes that courts may sua sponte raise affirmative defenses in habeas cases. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999) (citations omitted); see also Rodriguez v. Johnson, 104 F.3d 694, 697 n.1 (5th Cir. 1997).

When district courts intend to sua sponte consider an affirmative defense, habeas petitioners "must be afforded an opportunity to rebut or explain allegations of repetitions or abuse."  Jones v. Estelle, 692 F.2d 380, 384 (5th Cir. 1982) (citations omitted).  As the Fifth Circuit has explained, "the district court must give the petitioner at least ten days' notice that the court is considering dismissing the claim for abuse of the writ, that the petition will be automatically dismissed if the petitioner fails to respond, and that the response should present facts explaining why the writ has not been abused."  Yarbrough v. Collins, 998 F.2d 1014, 1993 WL 277207, at *2 (5th Cir. July 22, 1993) (unpublished) (citing Johnson v. McCotter, 803 F.2d 830, 832 (5th Cir. 1986)).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits prisoners' right to repeatedly challenge their federal detention on the same grounds:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person <u>pursuant to a judgment of a court of the United States</u> if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a) (emphasis added).  Section 2244(a) applies to petitions filed pursuant to § 2241.  <u>Jennings v. Menifee</u>, 214 Fed. Appx. 406, 2007 WL 129021, at *1 (5th Cir. Jan. 16, 2007) (per curiam) (unpublished); <u>Ortloff v. Fleming</u>, 88 Fed. Appx. 715, 716 (5th Cir. 2004) (per curiam) (unpublished); <u>see</u> <u>also</u> <u>Crawford v. Callahan</u>, 201 Fed. Appx. 629, 630 (10th Cir. 2006) (unpublished) (citation omitted); <u>United States v. Tubwell</u>, 37 F.3d 175, 178 (5th Cir. 1994) (applying similar, pre-AEDPA version of § 2244(a) to § 2241 petitions).[4]  Therefore, it is respectfully recommended that § 2244(a) applies to the instant petition.

Petitioner has brought his claim in several previous federal habeas actions.

---

[4] The Fifth Circuit has not held that the post-AEDPA version of § 2244(a) applies to § 2241 petitions in a published decision.  Pursuant to Fifth Circuit Local Rule 47.5.4, unpublished opinions are not precedent in unrelated cases.  However, such opinions may be persuasive.  <u>See</u> <u>Wilson v. Morris</u>, No. 104CV777, 2006 WL 573021, at *1 n.1 (E.D. Tex. Mar. 7, 2006) (unpublished).  Furthermore, section 2244(a) is surplusage unless it applies to section 2241 petitions.  <u>See</u> <u>United States v. Rayo-Valdez</u>, 302 F.3d 314, 318 (5th Cir. 2002) (explaining that "when interpreting a statute, it is necessary to give meaning to all its words and to render none superfluous") (citations omitted).  All other challenges to federal incarceration are filed pursuant to § 2255, which contains an independent provision barring petitions that are "second or successive."  This term of art includes petitions that challenge incarceration determined to be lawful in a prior application for a writ of habeas corpus.  <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 486 (2000) ("second or successive" as used in AEDPA is understood with reference to prior habeas cases).

An Oklahoma federal court explained that "[t]his is the third habeas Petition filed by Petitioner in this Court in which Petitioner asserts that his federal sentence entered in 1991 should have run prior to or concurrent with his state sentence entered in 1992." Rasmussen v. Dinwiddle, et al, Civ.-05-0533-T (W.D. Okla. 2005); (D.E. 12, App., at 29).  That court discussed the first petition:

> In 1993, Petitioner brought a habeas action in this Court in which he alleged that he was convicted and sentenced in this Court for federal criminal offenses and ordered to be committed to the custody of the United States Bureau of Prisons on December 30, 1991, and his federal sentence therefore commenced running on that date, and that he was subsequently convicted in state court on July 15, 1992, and sentenced to serve a 30-year term of imprisonment to run consecutively to the federal sentence previously imposed.  However, Petitioner asserted that he was transferred to the custody of the Oklahoma Department of Corrections to serve his state sentence when he should have been returned to federal custody to serve his federal sentence first.  Dwayne E. Rasmussen v. State of Oklahoma, Case No. CIV-93-335-T.  The petition was referred to a United States Magistrate Judge, who recommended that the Petition be denied because Petitioner has no right to serve his federal and state sentences in any particular order.  United States District Judge Ralph Thompson entered an order in the case in which he concurred with this recommendation, found that the habeas petition was without merit, and denied the petition.  Id.

Id. at 2-3.  Next, the Oklahoma court addressed the second petition:

> In 1996, Petitioner filed a second habeas petition in this Court, again alleging that he should have been transferred

11

to federal custody to serve his federal sentence before
serving his state sentence and seeking an order
transferring him to the custody of the United States
Bureau of Prisons.  Dewayne E. Rasmussen v. Ron
Ward, Case No. CIV-96-217-T.  The petition was
referred to a United States Magistrate Judge, who
recommended that the action be dismissed as successive
to the petition filed in Case No. CIV-93-335-T.  United
States District Judge Ralph Thompson entered an order
in that case in which he dismissed the petition as
successive, and alternatively, construing the petition as a
petition for a writ of mandamus, found that Petitioner
was not entitled to relief.  This decision was affirmed by
the Tenth Circuit Court of Appeals.  Dwayne Edward
Rasmussen v. Ron Ward, No. 96-6176 (10th Cir. Sept.
27, 1996) (unpublished opinion).  The appellate court
found that regardless of how the petition was construed
Petitioner was not entitled to relief because "[t]he law is
well established that a 'person who has violated the
criminal statutes of both the Federal and State
Governments may not complain of the order in which he
is tried or punished for such offenses.'"  Id.

Id. at 3.  Finally, the court discussed his third petition:

Petitioner now seeks to again challenge the order in
which he is serving or has served his federal and state
sentences, asserting that his federal sentence began to run
on the date he was sentenced in 1991.  The instant
Petition is therefore successive to the previous habeas
petitions filed by Petitioner.

Id. at 4.  Thus, federal district and appellate courts have already found petitioner's

claim to be meritless.  The instant petition is an abuse of the writ – and therefore

"second or successive" – because it does not raise any new grounds for relief.

Thus, dismissal is appropriate.  <u>Davidson v. U.S. Dep't of Justice</u>, 239 F.3d 366,

2000 WL 1741633, at *1 (5th Cir. Nov. 15, 2000) (per curiam) (unpublished)

(citing <u>Davis</u>, 150 F.3d at 490-91).

On February 26, 2008, petitioner was ordered to show cause for not

dismissing his claim as an abuse of the writ.  (D.E. 18).  On March 13, 2008, he

filed a response, arguing that his petition should not be dismissed "because of

petitioner's new evidence (documents) which have never been seen or ruled on in

any of the petitioner's past petitions."  (D.E. 19, at 3).  He claims that the

documents contain new evidence, "which does constitute different grounds for

relief, and which have not been determined on their merits in any of the

petitioner's past petitions in federal or State court."  <u>Id.</u> at 5.

The Supreme Court has explained that federal courts cannot entertain the

merits of "*successive claims* that raise grounds identical to grounds heard and

decided on the merits in a previous petition" unless the petitioner can demonstrate

either that failure to hear the merits would constitute a miscarriage of justice, or

that he has good cause for re-asserting his claims and prejudice would otherwise

result.  <u>Sawyer v. Whitley</u>, 505 U.S. 333, 338-39 (1992) (citations omitted)

(emphasis in original); <u>accord</u> <u>Williams</u>, 994 F.2d at 232 (5th Cir. 1993);

<u>see</u> <u>also</u> <u>Davis v. Fechtel</u>, 150 F.3d 486, 491 (5th Cir. 1998) (not necessary to

13

apply certification requirements of § 2244(c) to § 2241 petitions where petition was "an abuse of the writ either under our pre- or post-AEDPA jurisprudence"). Because petitioner has not alleged that he was innocent of the crime for which he was convicted, the miscarriage of justice exception is not implicated.  <u>Fearance v. Scott</u>, 56 F.3d 633, 637 (5th Cir. 1995) (citation omitted).  Petitioner has not alleged, nor does the record indicate, the presence of "some objective factor" external to himself that impeded his efforts to raise the claim in the initial petition. <u>See</u> <u>Duff-Smith v. Collins</u>, 995 F.2d 545, 546 (5th Cir. 1993) (per curiam). However, assuming <u>arguendo</u> that petitioner has demonstrated cause, he cannot demonstrate prejudice because, as addressed <u>infra</u>, his claim is without merit even considering the new documents.  <u>See</u> <u>Williams</u>, 994 F.2d at 232.  Accordingly, it is respectfully recommended that the instant petition be dismissed with prejudice as an abuse of the writ.

## V.  DISCUSSION

### A.    Summary Judgment Standard of Review.

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases.  <u>Clark v. Johnson</u>, 202 F.3d 760, 764 (5th Cir. 2000).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must

14

consider the record as a whole, considering all pleadings, depositions, affidavits, and admissions on file in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot merely rest on the allegations of the pleadings, but must establish that material controverted facts preclude summary judgment.  Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the

15

burden of proof.  <u>Celotex</u>, 477 U.S. at 322-23; <u>ContiCommodity Servs., Inc. v. Ragan</u>, 63 F.3d 438, 441 (5th Cir. 1995).

**B.    Petitioner's Claims Lack Merit.**

In addition to the recommendation that this petition be dismissed as an abuse of the writ, alternatively, it is respectfully recommended that petitioner's claims lack merit.  Petitioner asserts that Oklahoma relinquished primary jurisdiction when it released him to the custody of United States Marshals for sentencing, because no new writ of habeas corpus <u>ad</u> <u>prosequendum</u> was issued.  (D.E. 15, at 10).  Petitioner contends that he should have been incarcerated in a federal institution immediately after sentencing because he was under federal jurisdiction and because the judge so ordered.  (D.E. 1, at 6).  Therefore, he reasons that he is entitled to have his federal sentence calculated from the sentencing date, wrongful return to state custody notwithstanding.  Petitioner's premises are all erroneous, as is his conclusion.

**1.    Petitioner was Taken into Federal Custody Pursuant to a Valid Writ of Habeas Corpus <u>Ad</u> <u>Prosequendum</u>.**

A prisoner detained pursuant to writ of habeas corpus <u>ad</u> <u>prosequendum</u> is considered to remain in the primary jurisdiction of the first sovereign unless and until it relinquishes jurisdiction over the person.  <u>Jake v. Herschberger</u>, 173 F.3d 1059, 1061 n.1 (7th Cir. 1999).  The receiving sovereign – in this case, the federal government – is therefore considered to be merely "borrowing" the prisoner from

the sending sovereign for the purposes of indicting, arraigning, trying, and sentencing him.  Id.; accord United States v. Londono, 285 F.3d 348, 356 (5th Cir. 2002); Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner") (citation omitted).  No transfer of primary jurisdiction may take place unless state authorities relinquish jurisdiction over the prisoner.  United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998); see also Blackshear v. United States, 434 F.2d 58, 59 (5th Cir. 1970) (per curiam) (petitioner "could not be received by the federal authorities for service of his federal sentence until he was released by the [state] authorities").

The district court issued one writ to secure petitioner's presence for two separate hearings.  Writing on the writ indicates that it was partially executed by a United States Marshal, who delivered petitioner from the Oklahoma County Jail to the federal court for a hearing.  (D.E. 1, Ex. A, at 2).  It does not indicate that petitioner was thereafter returned to state custody.  However, a letter to petitioner from the United States Marshals Service indicates that he was returned to the Oklahoma County Jail on December 3, 1991.  Id., Ex. G, at 2.  Final execution of the writ was made on December 30, 1991, when the United States Marshals Service transported petitioner from Oklahoma County Jail to the district court for sentencing and subsequently returned him to state custody.  Id., Ex. A, at 2.

The writ itself, addressed to the United States Marshal for the Western

17

District of Oklahoma, reads

> You are hereby commanded to proceed to the Oklahoma
> County Jail, Oklahoma City, Oklahoma, and there take
> and receive DWAYNE EDWARD RASMUSSEN ... now
> detained in said institution, and keep him in your custody
> and bring him before the United States District Court for
> the Western District of Oklahoma on Wednesday,
> November 13, 1991, at 9:00 a.m., for a hearing in the
> above entitled cause;[5] and <u>when said hearings or hearings
> necessary for the disposition of this cause have been
> held</u>, you shall return the said defendant to the above-
> named institution and surrender him to the custody of the
> Warden thereof, or do as otherwise ordered by the court.

<u>Id.</u> at 1 (emphasis added).  The writ thus authorizes the United States Marshals Service to take custody of petitioner for more than one proceeding.

Petitioner is not entitled to credit on his federal sentence for the time that he was on loan to federal authorities pursuant to a writ <u>ad</u> <u>prosequendum</u>.  <u>See Thomas v. Whalen</u>, 962 F.2d 350, 360-64 (4th Cir. 1992); <u>Thomas v. Brewer</u>, 923 F.2d 1361, 1368-69 (9th Cir. 1991); <u>see also Blackshear</u>, 434 F.2d at 59 ("time served on [petitioner's] federal sentence does not ... commence to run until such time as he is released by the State ... and delivered to the federal authorities").  It is respectfully recommended that petitioner was taken from the Oklahoma County Jail pursuant to a valid writ of habeas corpus <u>ad</u> <u>prosequendum</u>, and that the United States therefore never obtained primary jurisdiction.

---

[5] The writ's caption includes the cause numbers of both of petitioner's then-pending federal criminal cases.

18

**2.      Oklahoma did not Waive its Primary Jurisdiction over Petitioner.**

Petitioner is not entitled to relief even if he was released to federal custody without a valid writ of habeas corpus <u>ad</u> <u>prosequendum</u>.  As the Supreme Court has explained,

> We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory.  It would be impossible for such courts to fulfill their respective functions without embarrassing conflict unless rules were adopted by them to avoid it....  The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure....  The chief rule which preserves our two systems of courts from actual conflict of jurisdiction is that <u>the court which first takes the subject-matter of the litigation into its control, whether this be person or property, must be permitted to exhaust its remedy, to attain which it assumed control, before the other court shall attempt to take it for its purpose.</u>

<u>Ponzi v. Fessenden</u>, 258 U.S. 254, 259-60 (1922).  Because Oklahoma first arrested and imprisoned petitioner, it "could not without its consent be deprived of his custody until through with him."  <u>Zerbst v. McPike</u>, 97 F.2d 253, 254 (5th Cir. 1938); <u>see</u> <u>also</u> <u>Causey</u>, 621 F.2d at 693 (rule in <u>Zerbst</u> applies even before state obtains conviction and sentence).  Assuming <u>arguendo</u> that the writ was not effective when petitioner was taken from the Oklahoma County Jail for sentencing on December 30, 1991, the writ was at least <u>arguably</u> valid given its language.

19

Petitioner has offered no support for the proposition that allowing federal authorities to borrow a prisoner for a one-day sentencing hearing pursuant to an arguably valid writ amounts to a voluntary waiver of jurisdiction. Accordingly, it is respectfully recommended that Oklahoma did not waive primary jurisdiction over petitioner.

Even if Oklahoma did waive primary jurisdiction over petitioner, the United States subsequently relinquished primary jurisdiction back to Oklahoma. Primary jurisdiction may be relinquished when one sovereign permits another to incarcerate its prisoner without challenge. Thomas, 962 F.2d at 362 n.7 (4th Cir. 1992) (citations omitted). When a prisoner is sentenced in a federal court with primary jurisdiction, then released to stand trial on state charges, the United States yields primary jurisdiction when it allows the state to imprison the offender without challenging its jurisdiction. See Roche v. Sizer, 675 F.2d 507, 509-510 (2d Cir. 1982) (discussing Zeldes v. United States, Civil No. B-79-257 (D. Conn. Apr. 15, 1980) (unpublished)).

The United States did not challenge Oklahoma's jurisdiction over petitioner. Indeed, the United State recognized Oklahoma's primary jurisdiction by filing several detainers to secure custody of petitioner upon his release from state prison. (D.E. 1, Ex. F; Ex. G, at 2). This is evidence of the BOP's intent to voluntarily

20

cede primary jurisdiction to Oklahoma.  See Causey, 621 F.2d at 693.  Therefore, it is respectfully recommended that, if it ever obtained primary jurisdiction, the United States subsequently relinquished it voluntarily.

### 3.    Petitioner has no Standing to Assert the United States' Alleged Primary Jurisdiction.

Transfers of custody are matters of comity between sovereigns; a transferred prisoner may not vicariously assert either sovereign's priority of custody.  United States ex rel. Moses v. Kipp, 232 F.2d 147, 150 (7th Cir. 1956) (citations omitted); see also McDonald v. Ciccone, 409 F.2d 28, 30 (8th Cir. 1969) (per curiam). "If the prisoner has violated the law of both sovereigns, he is subject to prosecution by both and he may not complain of or choose the manner or order in which each sovereign proceeds against him."  United States v. Jackson, 327 F.3d 273, 302 (4th Cir. 2003) (quoting Hayward v. Looney, 246 F.2d 56, 57 (10th Cir. 1957)); see also Weathers v. Henderson, 480 F.2d 559, 559-60 (5th Cir. 1973) (per curiam) (petitioner had no standing to argue that Pennsylvania relinquished jurisdiction by releasing prisoner to federal custody) (citing DeLong v. United States, 474 F.2d 719, 720 (5th Cir. 1973) ("It is settled that where one sovereign surrenders a prisoner to another sovereign for trial, sentencing, and execution of the sentence before he is to be returned to the custody of the sovereign first having jurisdiction, the prisoner has no standing to attack the agreement between sovereigns and the

21

surrendering sovereign has not thereby waived its right to have the prisoner

returned to its custody for trial.")).  The Fifth Circuit has explained that "[i]t is an

established rule that a prisoner has no standing to attack agreements between

sovereigns as to the order in which sentences are to be served."  <u>Piper v. Estelle</u>,

485 F.2d 245, 247 n.2 (5th Cir. 1973) (per curiam) (citations omitted);

<u>accord</u> <u>Chunn v. Clark</u>, 451 F.2d 1005, 1006 (5th Cir. 1971) (per curiam).

Accordingly, it is respectfully recommended that petitioner has no standing to

assert jurisdiction on behalf of the United States.

### 4.    The Federal Court did not Order Petitioner to Begin Federal Incarceration Immediately After Sentencing.

The Oklahoma federal court committed petitioner to BOP custody to be

imprisoned, and remanded him to the custody of the United States Marshals

Service; it did not order him immediately delivered to a federal prison.  (D.E. 1,

Ex. C, at 2); <u>see</u> <u>also</u> <u>Thomas</u>, 962 F.2d at 363; <u>Larios v. Madigan</u>, 299 F.2d 98,

99-100 (9th Cir. 1962) (citations omitted).  Indeed, while petitioner alleges that the

court ordered him to be taken immediately to FCI Reno, the court clearly

recommended that he be confined in Fort Worth, Texas.  (D.E. 1, Ex. C, at 2).

Therefore, petitioner's claim is contradicted by the record.

Even if petitioner's claim was factually accurate, he would not be entitled to

relief.  The executive branch is responsible for administering sentences, not the

judiciary.  United States v. Voda, 994 F.2d 149, 152 (5th Cir. 1993) (citation

omitted).  The Ninth Circuit has explained that "[d]etermination of priority of

custody and service of sentence between state and federal sovereigns is a matter of

comity to be resolved by the executive branches of the two sovereigns."  United

States v. Warren, 610 F.2d 680, 684 (9th Cir. 1980); see also Londono, 285 F.3d at

356 ("having violated both federal and state criminal laws, Londono 'may not

complain of the order in which he is tried or punished for such offenses'") (citation

omitted).  "Within the context of the transfer of custody of a prisoner, 'in the

federal system, the power and discretion to practice comity is vested in the

Attorney General.'"  United States v. Eastman, 758 F.2d 1315, 1318 (9th Cir.

1985) (citation omitted).  Furthermore, sentencing courts have no authority to order

that a convicted defendant be confined in a particular facility.  See 18 U.S.C.

§ 3621; see also United States v. Naas, 755 F.2d 1133, 1137 (5th Cir. 1985);

United States v Williams, 65 F.3d 301 (2d Cir. 1995) (citing Voda, 994 F.2d at

151).  Therefore, it is respectfully recommended that the district court had no

binding authority to order petitioner immediately incarcerated at FCI El Reno.

**5.     The BOP has Acted Lawfully in Executing Petitioner's Sentence.**

The BOP's execution of petitioner's sentence is not otherwise unlawful.

The BOP is not permitted to credit petitioner with time served in state prison, or in

federal custody awaiting sentencing, because that time has been credited against his state sentence.  18 U.S.C. § 3585(b); <u>see also</u> (D.E. 15, Ex. B).  To the extent that petitioner claims entitlement to a <u>nunc pro tunc</u> designation that would have effectively rendered his sentences concurrent, the BOP did not abuse its discretion in declining to grant his request.  <u>Wooderts v. Warden, Fed. Corr. Inst. Seagoville</u>, 204 Fed. Appx. 390, 391 (5th Cir. 2006) (per curiam) (unpublished) (no abuse of discretion where district court expressed intent to BOP that petitioner's sentence run concurrent to state sentence); <u>see also</u> (D.E. 1, Ex. J, at 14) (explaining why petitioner was denied retroactive <u>nunc pro tunc</u> designation).

Furthermore, the BOP correctly interpreted the district court's sentence to run consecutively to petitioner's then-unannounced state sentence.  (D.E. 15, Ex. C) (relying on 18 U.S.C. § 3584 (a)) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."); <u>see also</u> <u>Free v. Miles</u>, 333 F.3d 550, 553 (5th Cir. 2003) (state sentence ran consecutive to subsequently imposed federal sentence where federal judge did not specify); <u>Romandine v. United States</u>, 206 F.3d 731, 738 (7th Cir. 2000) ("§ 3584(a) makes the federal sentence presumptively consecutive in all unprovided-for cases, and the effective decision then is made by the Attorney General ... rather than the federal judge"); <u>Fegans v. United States</u>, 506 F.3d 1101,

24

1105 (8th Cir. 2007) (BOP's interpretation of sentencing court's order entitled to

substantial deference).  In both the Fifth and Tenth Circuits, federal courts may

legally require an offender to serve a federal sentence consecutively to an as-yet

unimposed state sentence.  United States v. Williams, 46 F.3d 57, 58-59 (10th Cir.

1995); United States v. Brown, 920 F.2d 1212, 1216 (5th Cir. 1991) (per curiam).

Therefore, it is respectfully recommended that petitioner's sentence has been

lawfully executed.

## VI.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that respondent's

motion for summary judgment, (D.E. 12), be granted.  It is respectfully

recommended that the petition be dismissed as an abuse of the writ.  Alternatively,

it is respectfully recommended that petitioner's claim be dismissed for lack of

merit.

Respectfully submitted this 19th day of March 2008.

BRIAN  L.  OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; 28 U.S.C. § 636(b)(1)(C); and Article IV, General Order No. 2002-13; United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).